1

2

3

4

5

6                          IN THE DISTRICT COURT

7                      FOR THE TERRITORY OF GUAM

8

9   WASHINGTON D.C., SEATTLE CITY          )     CIVIL CASE NO. 20-00034
    MANUFACTURING INC. and                 )
10  JAYDEEN CATHERINE DELA CRUZ,           )
                                           )
11           Plaintiffs,                   )
                                           )
12       vs.                               )
                                           )     **REPORT & RECOMMENDATION**
13  DEPARTMENT OF PUBLIC HEALTH AND        )     to Deny Application to Proceed Without
    SOCIAL SERVICES, GUAM HOUSING AND      )       Prepaying Fees or Costs (ECF No. 2)
14  URBAN RENEWAL AUTHORITY                )          and to Dismiss Complaint
    (GHURA), DEPARTMENT OF MENTAL          )
15  HEALTH AND SUBSTANCE ABUSE,            )
    PUBLIC DEFENDER'S OFFICE and           )
16  ALTERNATE PUBLIC DEFENDER'S            )
    OFFICE,                                )
17                                         )
             Defendants.                   )
18                                         )

19       This matter is before the court on the Plaintiff Jaydeen Catherine Dela Cruz's Application

20  to Proceed Without Prepaying Fees or Costs (the "Application to Waive Fees"). *See* ECF No. 2.

21  **I.       Application to Waive Fees**

22       Ms. Dela Cruz is proceeding in this action *pro se*, without an attorney, and has requested to

23  proceed without paying the required filing fee.[1]  Section 1915(a)(1) permits a court to authorizes a

24  person to commence a civil action without prepaying the required filing fee if said person "submits

25  an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1).   Under

26  this statute, federal courts can authorize the filing of a law suit without prepayment of fees or

27  _____

28       [1]  Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400
    filing fee is required from the party instituting any civil action in federal court.

1    security by a person who submits an affidavit that includes a statement setting forth all the person's

2    assets and demonstrates an inability to pay such costs or give such security.

3           The court has reviewed the Ms. Dela Cruz's  Application to Waive Fees, where she reports

4    she has no income and no money in the bank.  Applic. Waive Fees at ¶¶2 and 4.  She further claims

5    to owe $8,200 in monthly expenses.  *Id.* at 3.   While it appears that the Ms. Dela Cruz has

6    demonstrated that she does not have the resources to pay the filing fee, this does not end the court's

7    inquiry.  The court must still subject the Complaint to mandatory screening before allowing the case

8    to move forward and issue summons, requiring an answer or responsive pleading.  *See Lopez v.*

9    *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

10   **II.     Screening Complaint**

11          Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss

12   the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon

13   which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

14   relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27(stating that 28 U.S.C. § 1915(e) "not

15   only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails

16   to state a claim).  "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable

17   basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing

18   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

19          When screening a complaint, the court is mindful that allegations of a *pro se* complaint are

20   held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551

21   (U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

22   however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

23   by lawyers.") (internal quotations marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342

24   n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v.*

25   *Iqbal*, 556 U.S. 662 (2007)).  However, *pro se* litigants "should not be treated more favorably than

26   parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather,

27   they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d

28   52, 54 (9th Cir. 1995).

1      The court finds that the Complaint suffers a number of deficiencies. First, the Complaint

2 names two plaintiffs – Ms. Dela Cruz and Washington D.C. Seattle Manufacturing, Inc. (the

3 "Corporate Plaintiff"). It is not clear from the scant information provided in the Complaint what

4 relationship, if any, exists between Ms. Dela Cruz and the Corporate Plaintiff, but a corporation may

5 only appear in federal court through a licensed attorney. *See In re Am. W. Airlines*, 40 F.3d 1058,

6 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court

7 through an attorney."). Ms. Dela Cruz is not a licensed attorney, and therefore she may not bring a

8 lawsuit on behalf of a corporation.

9      Second, the Complaint indicates that the basis for the court's jurisdiction over this action is

10 "Diversity of citizenship." Compl. at ¶ II, ECF No. 1. The court has diversity jurisdiction over cases

11 where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is an action

12 between citizens of different states. *See* 18 U.S.C. § 1332. According to the Complaint, Ms. Dela

13 Cruz is a citizen of Guam and resides in Agat, Guam. Compl. at ¶¶I.A and II.B.1, ECF No. 1.

14 Ms. Dela Cruz is suing five defendants, all of whom are Government of Guam agencies or

15 instrumentalities. *Id.* at ¶¶I.B and II.B.2. It is thus clear from the complaint that there can be no

16 diversity of citizenship between the parties in this case.

17      Finally, ¶III of the Complaint requires Ms. Dela Cruz to provide a "short and plain statement

18 of the claim." *Id.* at ¶III. Therein, Ms. Dela Cruz has written:

19      First of all[,] Defendant is not entitle[d] to public guardianship of my children; and
      temp. child custody. Strictly not form of Gov. Agency. I am the parents (sic) of my

20      children and I will get full and physical custody over my children and become a
      Public Guardian for them.

21 *Id.*

22      Based on the above language, it appears that Ms. Dela Cruz is attempting to challenge a

23 decision by one or more defendants to remove her children from her physical custody that likely

24 arose from a local court proceeding. This claim, without more, is not one that arises under the

25 Constitution, laws, or treaties of the United States. *See* 18 U.S.C. § 1331. The Complaint fails to

26 allege a claim against any defendant which may be based upon a federal question since she cites no

27 violation of a federal statute, treaty or constitutional provision that would entitle her to relief against

28 the defendants.

1  The court therefore recommends that the Complaint be dismissed since the court has no

2  jurisdiction over the action.

3  **III.    Leave to Amend**

4  When dismissing a complaint, a court should normally grant leave to amend "unless it

5  determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.*

6  *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719,

7  725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when

8  amendment would be futile[.]").

9  Here, leave to amend would be futile. First, with regard to any claim by the Corporate

10 Plaintiff, Ms. Dela Cruz is not an attorney and thus it was improper for her to file this lawsuit on

11 behalf of the Corporate Plaintiff. Second, the court has no diversity jurisdiction over any of the

12 claims because Ms. Dela Cruz and the defendants are all citizens of Guam. Finally, the court has

13 no federal question jurisdiction over the child custody determination at issue in the Complaint. The

14 Complaint appears to be an attack on a child custody proceeding brought by government agents in

15 the local court, and federal courts are prohibited from exercising subject matter jurisdiction over a

16 suit that is a or "de facto appeal" from a state court judgment. *See Kougasian v. TMSL, Inc.*, 359

17 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker-Feldman* prohibits a federal district court from exercising

18 subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

19 **IV.    Recommendation**

20 Accordingly, the court recommends that the Chief Judge deny the application to waive filing

21 fees and dismiss the Complaint with prejudice because amendment would be futile.

22

23                     **/s/ Michael J. Bordallo**

24                                         **U.S. Magistrate Judge**
                                          **Dated: Nov 05, 2020**

25

26                      **NOTICE**

27 **Failure to file written objections to this Report and Recommendation within
   fourteen (14) days from the date of its service shall bar an aggrieved party
   from attacking such Report and Recommendation before the assigned United
28 States District Judge. 28 U.S.C. § 636(b)(1)(B).**